[Civ. No. 2828.   Fourth Dist.   Dec. 12, 1941.]

JOHN CROFTON, Respondent, v. FRED S. YOUNG, as Trustee in Bankruptcy, etc., Appellant.

F. L. Richardson for Appellant.

O. A. Thorpe, Gray, Cary, Ames & Driscoll and B. Kenneth Goodman for Respondent.

BARNARD, P. J.—This is an appeal from orders entered in a quiet title action. A prior attempt to review most of these orders through *certiorari* proceedings failed because the orders were appealable. (*Young* v. *Superior Court*, 16 Cal. (2d) 211 [105 Pac. (2d) 363].)

The defendant bank recovered a judgment against Thomas N. Crofton and levied execution on the real property in question which Crofton had previously conveyed to his son, the plaintiff herein. The bank assigned its judgment to one Neal. Thereafter, the plaintiff brought this action to quiet his title to the land, naming the bank as sole defendant. On October 1, 1938, Neal obtained an *ex parte* order making him a party defendant, and then served on the plaintiff's attorney and filed an answer to the complaint and a cross-complaint alleging that Thomas N. Crofton was the owner of the property, that it had been conveyed to the plaintiff in fraud of creditors, and claiming a lien in the amount of the judgment. The plaintiff not having answered the cross-complaint within ten days his default was entered by the clerk on October 20, 1938, on Neal's application. On November 14, 1938, an answer to the cross-complaint was filed bearing the acknowledgment of Neal's attorney that he had received a copy thereof. This answer to the cross-complaint was, after motion duly made, stricken from the files by an order entered on June 13, 1939. This order is not involved on this appeal.

In May, 1939, the appellant, as the duly appointed trustee in bankruptcy of the bankrupt estate of Thomas N. Crofton, moved for an order substituting himself as party defendant and cross-complainant in the place of Neal and that he be subrogated to all of Neal's rights against the plaintiff on the ground that, as such trustee, he had succeeded to all of the rights of both the bankrupt and of Neal, whose claim had been filed in the bankruptcy proceeding. This motion was granted on June 5, 1939, and an order entered that the appellant be substituted as a party defendant in place of Neal, and subrogated to all rights of Neal and the bankrupt.

On June 24, 1939, the plaintiff moved to strike the default as entered by the clerk on October 20, 1938, and to set aside the order striking his answer to the cross-complaint. On the same day, the plaintiff also moved to strike the order of October 1, 1938, joining Neal as a party defendant and the answer and cross-complaint filed by Neal. On July 17, 1939, these motions were heard by a different judge than the one who had made the orders and were all granted, with the exception of the motion to strike the order striking the answer of the plaintiff to the cross-complaint. The order entered not only struck out the order joining Neal as a party defendant, the answer and cross-complaint filed by Neal, and the default of the plaintiff in failing to answer the cross-complaint within time, but went beyond the terms of the notices of motions and the motions themselves as stated by the court in its order, and struck out the order of June 5, 1939, substituting Young as trustee in the place of Neal. The effect of the order as entered was to dismiss from the case the defendant Neal and the defendant Young, who had been substituted in his place, and to strike out the only answer which had been filed.

The trustee in bankruptcy has appealed from this order of July 17, 1939, and also from an order denying his motion for a judgment on the pleadings, which was entered on the same day.

The order entered on June 5, 1939, clearly substituted the appellant as party defendant in the place of Neal and expressly subrogated and substituted him to all of Neal's rights as a party to this action, among which was the right to rely upon the answer and cross-complaint which had been filed by Neal. It does not clearly appear why the appellant was thus substituted for Neal instead of being merely added as a party defendant. It is conceivable that Neal may have had interests as a judgment-creditor which were not identical with those of the trustee in bankruptcy, as representing also the other creditors. It might have saved another action to have allowed Neal to remain as a defendant in this action. Be that as it may, Neal did not appeal from that order and that matter is not involved on this appeal other than as it affects the interests of the trustee in bankruptcy.

The main questions here presented are whether the court erred in setting aside the order making Neal a party

defendant, in setting aside the order substituting this appellant for Neal, and in striking out the answer and cross-complaint which had been filed by Neal. In support of the order, the respondent argues that the court was justified in striking out the order making Neal a party because that order was in excess of the court's jurisdiction, it being argued in this behalf that a litigant has the right to select the persons whom he desires to make defendants in an action and that Neal, if he had any interests which he desired to protect, could only become a party through intervention as provided for in section 387 of the Code of Civil Procedure, or by complying with the provisions of section 389. It is further argued that Neal did not comply with the requirements of section 389 because the court's order making him a defendant did not provide that he be brought in "by the proper amendment," and that the order bringing him in was, therefore, void. The order in question, after finding that Neal was a necessary party for the determination of the rights of the parties to the action, ordered that Neal "be and he is hereby made a party defendant herein and hereby given ten days in which to file an answer and cross-complaint setting up his interest in the real estate described in plaintiff's complaint." This was a sufficient compliance with the statute and the answer and cross-complaint permitted to be filed was a "proper amendment" within the meaning of that language of the statute.

It clearly appears from the record before us that the entire interest of the original defendant, the bank, had been assigned to Neal and that he was the real party in interest and should have been made the defendant. Without his presence the issues in the quiet title action could not properly have been determined. The court had power and authority to make him a defendant under sections 387 and 389 of the Code of Civil Procedure. (*Young* v. *Superior Court,* *supra.*) The court likewise had power to make the order of June 5, 1939, substituting this appellant for Neal whether or not that order went farther than necessary in entirely eliminating Neal as a party defendant.

No good reason is advanced in support of the order of July 17, 1939, which had the effect of eliminating all defendants except the bank, which no longer had any interest, and of striking the only answer which had been filed. While presumptions may usually be indulged in favor of an order

or judgment appealed from it clearly appears here that an answer had been filed setting up a substantial interest in the property, that no evidence has been taken in this connection, and that the effect of the order appealed from is to shut out that defense and eliminate all defendants who now have any interest in the property in question growing out of this judgment lien. Under such circumstances, it cannot be presumed that anything could have been presented on the hearing of the motion which was sufficient to overcome the facts disclosed by the record, and it must be held that the court erred in making this order. The same considerations apply to those portions of the order which struck out the previous order substituting the appellant in place of Neal and struck out the answer and complaint which had been filed. The order was in this respect erroneous, at least insofar as it applied to the appellant.

The appellant next attacks that portion of the order appealed from which sets aside the default entered by the clerk on the failure of the respondent to answer the cross-complaint filed by Neal. It is argued that the court had no power to set aside that default because this was done more than six months after the default was entered and section 473 of the Code of Civil Procedure provides that such a default may be set aside within a reasonable time, but in no case after the lapse of six months. Conceding that general rule, it has no application where a clerk exceeds the limited power conferred upon him by statute, in which event the clerk's action is a nullity and open to attack at any time. (*Baird* v. *Smith,* 216 Cal. 408 [14 Pac. (2d) 749]; *Farrar* v. *Steenbergh,* 173 Cal. 94 [159 Pac. 707].) In the last named case, doubt was expressed whether under section 585 of the Code of Civil Procedure a clerk is authorized to enter a default for failure to answer a cross-complaint since that section refers to the time to answer specified in a summons while under another section the cross-complaint may be served upon the attorney of a party who has appeared and there is no necessity for a summons. In 1915 that code section was amended further limiting the clerk's power to enter a default to cases where ''the defendant has been personally served,'' and the only service of the cross-complaint shown by this record was that upon the attorney for the respondent. There would appear to be a good reason for holding that

a clerk has no power to enter a default under such circumstances and that such a default should be entered only by the court. Frequently, such a cross-complaint contains matter which is also put in issue by the answer. The allegations of the answer are deemed denied by the plaintiff and the plaintiff should not be put in the position of having at the same time admitted those matters, through the purely ministerial act of a clerk. The clerk should have no power to thus interfere with those issues which are thus pending and which must be decided by the court.

Whether or not this is a sufficient justification for that portion of the order appealed from which sets aside the clerk's entry of this default, we think that portion of the order must be affirmed on another ground. Where a cross-complaint is unnecessary in view of the allegations of the answer the clerk has no authority to enter a default. (*Brooks* v. *White,* 22 Cal. App. 719 [136 Pac. 500].) It was pointed out in that case that in quiet title actions a cross-complaint is usually unnecessary since full relief may be granted the defendant pursuant to his answer. While certain exceptions were noted, it was held that where the issues are fully presented by the complaint and answer further pleading on the part of a plaintiff is not required, and the omission to answer an unnecessary pleading will confer no authority on the clerk to enter a plaintiff's default.

In the instant case, a single pleading was filed which was denominated "Answer and Cross-Complaint." In the first part of the instrument, under the heading "Answer," it is alleged that the judgment obtained from the bank is a first lien upon the property, that the judgment has been assigned to Neal, that the judgment-debtor, Thomas N. Crofton, is the owner of the real property, and that the plaintiff and respondent is not and never has been the owner thereof. Following that, under the heading "Cross-Complaint," the same facts are alleged more in detail, and it is specifically alleged that the property was transferred by the judgment-debtor to the plaintiff and respondent without consideration and for the purpose of defrauding the judgment-creditor. The allegations of the answer are then adopted by reference as a part of the cross-complaint. There is but one prayer in which "this answering defendant" prays that the plaintiff take nothing and that "the defendant" Neal be adjudged to have a first lien upon the property. The answer alleges

the ultimate facts while the portion called a cross-complaint goes more into detail in alleging probative facts, and the prayer asks for nothing which could not be given under the answer if it stood alone. Under these circumstances the cross-complaint was unnecessary and the setting aside of the respondent's default for not answering the cross-complaint was proper since its entry by the clerk was unauthorized.

It follows from what we have said that the appellant's motion for judgment on the pleadings was properly denied.

It seems apparent that this action has been unnecessarily prolonged and complicated although the issues presented are simple and direct. Those issues should be tried on their merits and neither party should be subjected to technical handicaps created by orders which should not have been made.

The order denying the motion for judgment on the pleadings is affirmed. That portion of the order of July 17, 1939, which sets aside the respondent's default for failure to answer the cross-complaint is affirmed, and the rest of that order is reversed.

Marks, J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1942.