[Civ. No. 3595.   Fourth Dist.   Aug. 27, 1947.]

ELLA F. MISHKIND, Petitioner, v. SUPERIOR COURT OF FRESNO COUNTY, Respondent.

Matt Goldstein for Petitioner.

G. D. Schilling, R. I. McCarthy and Backlund, Meux & Gallagher for Respondent.

BARNARD, P. J.—The petitioner, as plaintiff, brought an action in a Class A justice's court against the Bank of America. The action was based on the claim that the plaintiff had drawn a check on a Fresno branch of this bank in favor of one W. D. Brown, a resident of San Francisco; that she gave this branch of the bank a written notice stopping payment of this check; that thereafter, in violation of the stop-payment notice, the defendant bank paid the amount of the check to W. D. Brown and charged the plaintiff's account therewith; and that by reason of the negligence and carelessness of the defendant bank the plaintiff has been damaged in the amount of $1,000.

The bank answered and after a trial a judgment was entered on July 19, 1946, in favor of the plaintiff for $1,000. On August 13, 1946, the bank gave notice of appeal to the Superior Court of Fresno County, on questions of both law and fact, and a transcript was filed in that court on August 17, 1946. In February, 1947, with the permission of the court, the bank filed a cross-complaint naming Brown as cross-defendant and asking judgment against him, in the event judgment was rendered against it in the main action. Brown answered this cross-complaint and also filed another cross-complaint naming the bank and the petitioner herein as cross-defendants. In this cross-complaint he prayed that in the event he was held liable to the bank upon its cross-complaint the bank be ordered to deliver to him a certain promissory note, and that he have judgment against this petitioner, who is alleged to have signed the note, for the sum of $1,000.

On June 3, 1947, the bank answered Brown's cross-complaint and on the same day this petitioner filed a demurrer to that cross-complaint. On June 23, this demurrer was overruled with permission given to this petitioner to amend within 10 days. On June 26, the attorney for Brown wrote to the attorney for this petitioner stating that he desired to amend this cross-complaint, asking him not to file an answer until the amended cross-complaint was filed, and promising not to take or permit any default to be entered. The attorney for the petitioner agreed to this in writing and their letters constitute a stipulation to this effect.

On July 7, 1947, at the request of the attorneys for the bank, without notice, without the taking of any evidence, and without the knowledge or consent of Brown or of this petitioner, the court entered the default of this petitioner on Brown's cross-complaint and entered a judgment on that cross-complaint in

favor of Brown and against this petitioner. By this judgment it was ordered and decreed that in the event Brown should be held liable on the bank's cross-complaint he should have judgment against this petitioner in the same amount.

On July 10, 1947, there was presented to the court a stipulation signed by Brown and by this petitioner stipulating that the default and judgment thus entered should be set aside. Although so requested to do, the judge refused to set aside the default and the default judgment. This proceeding was then brought to review the action of the trial court in entering this default and default judgment, on the ground that in taking this action the court exceeded its jurisdiction. The attorney for Brown immediately filed in this proceeding a statement declaring that he had stipulated that such a judgment would not be entered, that he desires to abide by that stipulation, and asking that the application filed by the petitioner be granted.

The original action on appeal from the justice's court was a damage action and Brown's cross-complaint asked conditionally that he be granted judgment in the same amount in the event that the bank recovered a judgment against him on its cross-complaint. Sections 585 and 586 of the Code of Civil Procedure were not complied with, the judgment entered on the cross-complaint was not in accordance with the prayer of that cross-complaint, but was prematurely entered under that prayer, and a different relief was given although no hearing or further pleading was had. The judgment was interlocutory and conditional, and entered prior to the happening of the events upon which it was conditioned. Moreover, when thus segregated from the appeal from the judgment of the justice's court, with which it was associated and pursuant to which it was filed, the relief sought by the cross-complaint and given by the judgment entered was not within the jurisdiction of the superior court.

There remained some six weeks in which to bring the appeal from the judgment of the justice's court to hearing, the court had ample power to protect the interests of all the parties, and no valid reason appears or is suggested which would in any way justify the action here taken at the request of third parties, who were not directly interested in the matter here in question, and in violation of the stipulation of the parties directly interested. Under these circumstances, and in the absence of any hearing or the taking of any evidence upon which any judgment could be based under the pleadings, the

court exceeded its jurisdiction in having this default entered and in entering the default judgment.

For the reasons given, the order for the entry of this petitioner's default and the judgment entered against this petitioner on Brown's cross-complaint are vacated and set aside.

Griffin, J., concurred.