[Civ. No. 110. Fifth Dist. Apr. 27, 1962.]

TOM EVELETH, JR., Cross-complainant and Respondent, v.
THE AMERICAN BRASS AND IRON FOUNDRY,
PLASTICS DIVISION, Cross-defendant and Appellant.*

*Reporter's Note: This case was previously entitled, "Bernson v. Eveleth."

Creede, Dawson & McElrath and J. M. McElrath for Cross-defendant and Appellant.

Young, Wooldridge, Paulden & Self and Joseph Wooldridge for Cross-complainant and Respondent.

BROWN, J.—This is an appeal by The American Brass and Iron Foundry—Plastics Division, hereinafter referred to as ''American Brass,'' from an order denying its motion to vacate a default judgment and from an order denying a motion to reconsider said denial.

The action was originally commenced by Bernson against Eveleth in the municipal court. Eveleth filed a cross-complaint against Bernson and American Brass for $5,266.50, which

was in excess of the jurisdiction of said municipal court. Summons was issued by the municipal court and served on American Brass, which made no appearance, as will be discussed hereinafter, and default was entered by the clerk of the municipal court on April 24, 1961.

On May 18th an order was made by the municipal court transferring this action to the superior court because of the excess in the jurisdictional amount. This order and the papers, including the default, were all filed simultaneously in the superior court on May 26, 1961. On May 29, 1961, Eveleth requested the clerk of the superior court to take another default, which was so entered.

On June 6, 1961, an amended order was made granting Eveleth his full damages and costs and the judgment was entered on June 7th. On July 19th American Brass filed a notice of motion to set aside the default. It was set for hearing on July 31st and the motion was denied September 19th. Another motion for reconsideration was filed September 11th, set for September 18th, and the motion denied on October 30th.

The notice of appeal was filed October 16, 1961, in which American Brass appealed from the order denying the motion to set aside the default and the order denying the motion to permit American Brass to file its answer.

After the summons was served on American Brass, it forwarded the same to its insurer, Industrial Indemnity Company, at Oakland. The insurer requested its Fresno office to obtain an extension of time. Pursuant to that request the Fresno office obtained a verbal extension of 20 days within which to appear and notified the Oakland office by letter, which either went astray or was lost after delivery. Each office of the insurer rested, believing the other was protecting American Brass' interests. The result was that nothing was done to protect those interests.

Eveleth, meanwhile, filed a request for an entry of default which was entered by the municipal court clerk on April 24, 1961. On May 12, 1961, the attorneys for American Brass requested that the default be set aside by stipulation of the parties, which request was denied by Eveleth's attorneys.

According to the record, the attorneys for American Brass attempted to file a demurrer on May 25th, without success, this being the time that the case was in the process of being transferred from the municipal court to the superior court;

the clerk refused on the ground that the transfer fees had been unpaid and no number had been assigned to the action and therefore he could not file the demurrer. However, the fees were paid on May 29th. The complaint and the municipal court default were filed simultaneously with the county clerk at 2:48 o'clock p. m. on May 26, 1961. On May 29th the second entry of default was made in the superior court, but without that knowledge, on May 30, 1961, the attorneys for American Brass requested an ex parte order from the superior court extending appellant's time for appearance because the default had been entered in the municipal court, which request was denied.

On June 6, 1961, there were certain proceedings taken in reference to the default and the attorneys for American Brass personally appeared at the hearing and, according to the reporter's transcript, presented the matter to the court claiming that the municipal court had no jurisdiction to enter the default of the defendant; that counsel had tried to make an appearance in the superior court but that the clerk had refused to file it because the default had been entered, but no relief was granted by the court.

### Appealability of Motion to Vacate.

In our opinion, an order denying a motion to vacate a judgment may be reviewed on an appeal as a special order made after judgment (*Rounds* v. *Dippolito*, 94 Cal.App.2d 412 [210 P.2d 893]). And in *Coan* v. *Superior Court*, 14 Cal. 2d 591 [95 P.2d 931], it is stated that an order granting a motion to vacate a judgment for lack of jurisdiction of the person is appealable as a special order after final judgment, and hence, a petition to review the order was required to be denied since "*certiorari* will not lie to review an appealable order or judgment either before or after the expiration of the time limited by law for appealing therefrom."

1 Witkin, California Procedure, Jurisdiction, section 182, page 448, states: "A judgment actually rendered by a court lacking jurisdiction may be directly attacked in various ways, e.g., by motion for new trial, motion to vacate, appeal and, in some situations, certiorari. It may also be subject to collateral attack."

### Were the Entries of the Default Void?

The relief sought in the cross-complaint exceeded the jurisdiction of the municipal court. Section 396 of the Code of Civil Procedure provides, in part: "If an action or proceeding is commenced in or transferred to a court which has

jurisdiction of the subject matter thereof . . . and it thereafter appears from the verified pleadings, . . . that the determination of the action or proceeding, or of a counterclaim, or of a cross-complaint, will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action . . . to a court having jurisdiction thereof. . . ."

Such a transfer is mandatory and the court must suspend all further proceedings. (*San Jose Ice & Cold Storage Co.* v. *City of San Jose,* 19 Cal.App.2d 62, 64-65 [64 P.2d 1099, 65 P.2d 1324].)

The court is divested of jurisdiction to do anything other than transfer the action. (*Brady* v. *Kobey,* 27 Cal.App.2d 505, 508 [81 P.2d 263].)

"The entry of the default is not a step in acquiring jurisdiction, but an act done after jurisdiction has been acquired by the court." (*Lunnun* v. *Morris,* 7 Cal.App. 710, 715 [95 P.2d 907].)

Where a court lacks jurisdiction, the clerk's entry of a default is a nullity. (*Mishkind* v. *Superior Court,* 81 Cal.App. 2d 360 [183 P.2d 915] ; *Crofton* v. *Young,* 48 Cal.App.2d 452, 457 [119 P.2d 1003].)

In the *Crofton* case, the court held that the setting aside of a default within a reasonable time but in no event more than six months, has no application where the clerk exceeds the power conferred by statute, and in that event, the clerk's act is a complete nullity and open to attack at any time.

Thus, we find that the clerk of the municipal court had no power to enter appellant's default and as we will illustrate later, the clerk of the superior court had no jurisdiction to enter the municipal court's default or its own default until it had complied with section 396 of the Code of Civil Procedure; and in any event, the record is entirely silent as to which of the two defaults the superior court was proceeding on at the time the judgment was entered in this action.

*Had the Appellant's Time to Appear Expired When
the Court Transferred the Action to the
Superior Court?*

 The first paragraph of section 396 of the Code of Civil Procedure covers the point on the transfer of actions. It provides in part: "If an action or proceeding is com-

menced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this State which has such jurisdiction, the action or proceeding shall not be dismissed . . . but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof, and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved. In any such case, if summons is served prior to the filing of the action or proceeding in the court to which it is transferred, as to any defendant, so served, who has not appeared in the action or proceeding, *the time to answer or otherwise plead shall date from service upon such defendant of written notice of the filing of such action or proceeding in the court to which it is transferred.''* (Italics added.)

This section requires that where summons has been served but no appearance has been made, the time to answer or otherwise plead shall date from the service upon the defendant (which, in this case, is a cross-defendant) of a written notice of the filing of such action or proceeding in the court to which it is transferred. This was not done.

1 Witkin, California Procedure, Jurisdiction, section 185, at page 451, states: ''After transfer, the case is treated as if commenced in the new court, 'all prior proceedings being saved,' and it is deemed to have been commenced at the time the complaint or petition was filed in the original court. If, prior to the transfer, summons was served on a defendant but he did not appear, his 'time to answer or otherwise plead shall date from service upon such defendant of written notice of the filing' of the case in the new court.''

We believe that American Brass, through its attorney, made every effort to file an appearance and the clerk of the superior court exceeded its authority in refusing to accept the appearance on behalf of American Brass and should not have even accepted the default from the municipal court other than as one of the documents in the file.

While section 396 of the Code of Civil Procedure refers to the parties as plaintiff and defendant, it is obvious that the section applies also to cross-complainants and cross-

defendants. (*Bank of America* v. *Carr*, 138 Cal.App.2d 727, 738 [292 P.2d 587].)

█ We do not think there is much merit to the argument by Eveleth that American Brass had waived its rights under section 396. We think that American Brass did all that it possibly could do at the time and under the circumstances, by trying to get the judge to set aside the default, by requesting an ex parte order, by appearing at the default hearing and explaining the situation to the court; and further, we do not think that this provision in section 396 can be waived by inaction. It is jurisdictional.

As to Eveleth's claim that American Brass was guilty of laches, we think there is no merit to this contention as we feel that it did all it could do as soon as possible.

As to Eveleth's claim that American Brass was bringing new matters up for the first time on appeal, this was covered in the original motion to set aside the default which was predicated on the ground that the clerk lacked jurisdiction to enter the default of American Brass, as well as its motion for an order directing the clerk to file an answer, all being done within the six months' period as provided in section 473 of the Code of Civil Procedure.

█ We also feel that the lower court abused its discretion in refusing to grant American Brass relief under section 473. An examination of section 396 reveals that it clearly sets forth what must be done when the case is transferred. The statutory requirements of that section not having been followed, the judgment is void for lack of jurisdiction. Proceedings pursuant to section 473 was one method American Brass had to obtain relief from the void judgment and the facts are clear that such relief should have been granted.

In *Montgomery* v. *Norman*, 120 Cal.App.2d 855 [262 P.2d 360], the clerk prematurely entered the defendant's default. On appeal the court stated that, since the clerk is not authorized to enter a default until the time for the appearance has expired, such entry by the clerk without such authority is void on its face and is not necessarily governed by section 473 inasmuch as the judgment may be vacated or set aside by the court on its own motion.

The judgment is reversed and the clerk directed to file the answer of The American Brass and Iron Foundry—Plastics Division.

Conley, P. J., and Stone, J., concurred.