[Civ. No. 10623. Fourth Dist., Div. One. Sept. 8, 1971.]

WESTPORT OIL COMPANY, Plaintiff and Respondent, v.
JACK E. GARRISON et al., Defendants and Appellants.

## COUNSEL

D. Brandon Bernstein for Defendants and Appellants.

Konstantine P. George for Plaintiff and Respondent.

## OPINION

**AULT, J.**—Defendants Jack E. Garrison, Michael J. McGann and Carlyle M. Ingles appeal from an order setting aside a default and a default judg-

ment taken against plaintiff Westport Oil Company on a cross-complaint and denying their motion for summary judgment and to dismiss the complaint.

## FACTS

On September 12, 1969, Westport filed a complaint against the defendants entitled "COMPLAINT FOR UNLAWFUL DETAINER," seeking restitution of leased premises, the sum of $2,490 in back rent, $1,000 attorney's fees, and $2,274 for the costs of restoring the leased premises. The 55-page original lease together with the defendants' assumption of its obligations were attached to the complaint as an exhibit. On September 19, 1969, defendants filed a pleading captioned "ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER — CROSS-COMPLAINT, COUNTER-CLAIM." In the middle of this pleading, sandwiched between two affirmative defenses to the complaint, were 5 paragraphs preceded by the heading: "BY WAY OF COUNTER-CLAIM AND CROSS-COMPLAINT, DEFENDANTS ALLEGE AS FOLLOWS:

"That under the terms of the written lease of the parties hereto, plaintiffs were required to provide adequate parking space for the customers of defendants; that the said plaintiffs violated the covenant or [*sic*] their part . . . ."
The pleading then alleges plaintiffs [plural] permitted customers of its cocktail bar adjoining the leased premises to interfere with defendants' business and breached express covenants of quiet enjoyment and possession; that because of plaintiffs' breach of these covenants defendants were required to and did vacate the leased premises in January 1969, all to their damage in the sum of $25,000. At the end of the entire pleading defendants prayed for damages against plaintiff in the amount of $25,000.

The plaintiff considered the portion of the pleading we have referred to a counterclaim and filed no answer. However, at defendants' request the clerk of the court entered plaintiff's default on October 10, 1969, and, on November 20, 1969, a superior court judge signed a judgment awarding defendants the sum of $3,602.97 against Westport. Plaintiff, unaware of the entry of either the default or the judgment, filed an at issue memorandum in February 1970, and in March served defendants with a notice of trial and a notice of deposition. During all of this time defendants remained silent, waiting for 6 months to pass quietly by. Plaintiff, immediately after learning what had transpired, on April 21, 1970, 6 months and 11 days after entry of the default, gave notice of motion under Code of Civil Procedure section 473 to set aside the default and the judgment on two grounds: (1) that plaintiff's attorney made a mistake of law or fact in interpreting defendants' claim to be a counterclaim; and (2) that defendants'

claim was truly a counterclaim and the court thus erred in granting defendants a default and default judgment thereunder. With the motion, plaintiff filed a proposed answer to the cross-complaint, points and authorities, but no supporting declaration or affidavit on the merits.

Defendants moved for summary judgment and dismissal of the complaint under Code of Civil Procedure section 437c, claiming the judgment on the cross-complaint was res judicata on the issues raised by the complaint. They filed supporting declarations and points and authorities, as well as points and authorities in opposition to plaintiff's motion. Defendants filed no counter affidavits.

The court heard both motions together and ruled in favor of plaintiff. It found defendants had filed a counterclaim, not a cross-complaint, the clerk had no power or authority to enter a default and the court did not have jurisdiction to enter a judgment. It granted the motion to set aside the default and the judgment and denied defendants' motion for summary judgment. Defendants frivolously appeal from this order.

■ Defendants' attorney argues many issues extraneous to the appeal. His position, however, with respect to his conduct in the superior court is clear. Having himself designated the pleading in question as both a counterclaim and a cross-complaint, having neatly spliced it in between two paragraphs of the answer, he makes no bones about the fact he unilaterally determined to treat it as a cross-complaint when it was not answered, secretly and without notice took a default and a default judgment, and quietly sat on them until the six-month limitation period provided in Code of Civil Procedure section 473 had expired. He asserts the superior court was without jurisdiction to set the default and default judgment aside. He argues the merits of this position with an air of righteous indignation, brazenly suggesting in his reply brief we assess a penalty against his opponent under rule 26(a).

At the outset of our discussion, lest defendants' counsel misapprehend our view of his conduct as an attorney in the court below, we borrow the words of the court expressed under similar circumstances in *Smith* v. *Los Angeles Bookbinders Union,* 133 Cal.App.2d 486, at page 500 [284 P.2d 194]: "The quiet speed of plaintiffs' [defendants'] attorney in seeking a default judgment without the knowledge of defendants' [plaintiffs'] counsel is not to be commended."

The clerk's power and authority to enter a default is conferred by Code of Civil Procedure section 585. At the time in question, the power was expressly limited to cases in which the defendant had been *personally served.* The personal service requirement of Code of Civil Procedure

section 585 applied to cross-complaints (*Taliaferro* v. *Hoogs,* 219 Cal. App.2d 559, 560 [33 Cal.Rptr. 415]), and to a cross-complaint against a party who had already appeared as a plaintiff in the action (*Crofton* v. *Young,* 48 Cal.App.2d 452, 457-458 [119 P.2d 1003]).

Where the clerk acts in excess of the limited power conferred upon him by statute, his action is a nullity, open to attack at any time, and the six-month limitation provision of Code of Civil Procedure section 473 is not applicable. (*Ibid.* p. 457; *Miller* v. *Cortese,* 110 Cal.App.2d 101, 105 [242 P.2d 84].) Here the record reveals the only service of the answer and so-called cross-complaint was upon plaintiff's attorney. Since there was no personal service of the pleading upon which the default was based, the clerk had no power to enter it, and his act doing so was void. It follows the judgment based upon the void entry of default was also void, and the superior court's power to set aside the judgment as well as the default was not affected by the six-month limitation contained in section 473 of the Code of Civil Procedure.[1] (*Hager* v. *Hager,* 199 Cal.App.2d 259, 261 [18 Cal.Rptr. 695]; 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 65, p. 2117.)

Moreover, the pleading in question utterly fails to meet the requirements of a cross-complaint. (See *Luse* v. *Peters,* 219 Cal. 625, 630 [28 P.2d 357]; *Asamen* v. *Thompson,* 55 Cal.App.2d 661, 674 [131 P.2d 841].) It is not a separate and independent pleading but has been made part and parcel of the answer. It fails to identify the parties and mistakenly refers to plural plaintiffs throughout. It is not complete and sufficient in itself and reference must be made (the pleading itself makes none) to the allegations of the complaint and answer to make it intelligible. It is at best a counterclaim or defensive matter, neither of which requires an answer to be filed. Even if some doubt existed as to how the pleading should be classified, it must be given the classification which best serves the interest of justice. (*Taliaferro* v. *Taliaferro,* 154 Cal.App.2d 495, 499 [316 P.2d 393].) Under the circumstances of this case the ends of justice require the pleading to be treated as a counterclaim and not as a cross-complaint. A fortiori, the clerk had no power or authority to enter

---

[1] In 1969, the Legislature adopted section 587 of the Code of Civil Procedure, requiring notice to be given before a default can be entered. Like Code of Civil Procedure section 585, the new section refers only to a complaint, but it should be given a similar interpretation and applied to cross-complaints. (See 4 Witkin, Cal. Procedure (2d ed. 1970) Proceedings Without Trial, § 130, p. 2796.) Section 587 became effective on November 10, 1969, in between the date the clerk entered the default and the date the court entered judgment. Since we affirm for other reasons, we need not decide whether the notice required by this section should have been given under the circumstances of this case. The section should effectively prevent in the future the kind of chicanery indulged in here.

the default, the court was without jurisdiction to enter the default judgment, and the order setting both aside was proper.

Defendants' motion for summary judgment and for dismissal of the complaint was based on the claim the default judgment had adjudicated all of the issues raised by the complaint and the answer and that no triable issues of fact remained. The motion fell of its own weight when the trial court correctly ordered the judgment set aside.

What we have previously said makes it unnecessary to discuss other issues.

The order is affirmed. The appeal is frivolous. Under rule 26(a) we assess a penalty against defendants' attorney in the amount of $300. He is ordered to pay the penalty sum to plaintiff within 15 days from the date the remittitur is filed in the superior court.

Brown (Gerald), P. J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.