## 29507. BRAGG v. GAVIN.

JORDAN, Justice.

Robert Bragg, the appellant, a resident of Jones County, Georgia filed a complaint in the State Court of DeKalb County on June 25, 1974, alleging that appellee Gavin had breached a warranty, express and implied, with regard to the sale of three Irish Setter dogs, purchased by appellant from appellee. Appellant sought both compensatory and punitive damages, the claim for punitive damages based on his allegation that the defendant-appellee wilfully, maliciously and fraudulently induced him to purchase the dogs.

Appellee filed an answer and counterclaim in which she denied the allegations in appellant's complaint and by way of counterclaim contended that appellant had begun "a campaign of gossip, slander, and defamation designed and calculated to hurt and destroy the reputation of Jane A. Gavin."[1] She asked for general damages in the amount

---

[1] A suit involving "man's best friend" usually evokes strong human emotions. For a comprehensive review of judicial "dog" literature, see Justice Stirling Price Gilbert's discourse in *Montgomery v. Maryland Casualty Co.,* 169 Ga. 746 (151 SE 363).

of $50,000 and punitive damages in the amount of $100,000. At the same time as the filing of her answer and counterclaim in the State Court of DeKalb County, appellee filed a petition in the DeKalb Superior Court alleging basically the same things as were contained in her counterclaim plus requesting that the state court proceeding be enjoined because of lack of jurisdiction to entertain her claims for injuries and damage to person or reputation. Appellee further requested that the DeKalb Superior Court, after enjoining the state court proceedings, consolidate appellant's complaint in the state court with appellee's complaint in the superior court and dispose of all issues presented by the suit in one proceeding.

The appellant filed his answer in the DeKalb Superior Court and a motion to dismiss appellee's complaint on the ground that the DeKalb Superior Court lacked personal jurisdiction over appellant in that he is not a resident of DeKalb County and has not submitted himself to the superior court's jurisdiction.

October 10, 1974, the trial court denied appellant's motion to dismiss, permanently enjoined the state court proceeding, and ordered that appellant's suit be consolidated with appellee's complaint in the superior court.

Appellant appeals from this order which in effect held that the appellant had submitted himself to the jurisdiction of the superior court. Appellant enumerates this as error "for the reason that appellee's complaint prays for relief as to matters not included in the litigation instituted by appellant."

As a basis for its order the trial court necessarily relied on Code Ann. § 3-202 which provides that "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, *provided no relief is prayed as to matters not included in such litigation.*" (Emphasis supplied.)

The issue for determination on appeal is whether the trial court was correct in its implied finding that

appellee's complaint did not pray for any relief not included in the litigation commenced in the state court by the appellant.

In *Moore, Marsh & Co. v. Medlock,* 101 Ga. 94 (28 SE 836), we held that "A plaintiff who institutes his suit in another county other than the one in which he resides, for all the purposes of the defense of the suit, submits himself to the jurisdiction of the courts of the county in which the suit is pending; and if such suit is pending in the court of limited jurisdiction, which for want of power cannot afford full relief, the defendant, by proper proceedings in the Superior Court of the county where the suit was instituted, may set up and have adjudicated as to the nonresident plaintiff, all matters necessary for his complete defense." Both the plaintiff and the defendant cite this case as authority for their positions.

As a general rule an action for a breach of warranty and an action arising out of alleged defamations, would not be of similar enough nature to allow a waiver of jurisdiction in order to try both actions before the superior court of the county where the original warranty action was filed. However, in the case sub judice the nonresident plaintiff has alleged fraud in his quest for punitive damages, and the truth or falsity of this claim would be germane to the issue of the alleged defamations in that truth would act as a complete defense to an allegation that one had defamed and slandered another.

Code Ann. § 3-202, in cases such as this, prevents a multiplicity of suits growing out of the same factual transaction. Both of these suits arose out of the selling of three pedigreed Irish Setters, and a determination of the condition of the dogs before and after the sale could be dispositive of both suits. The mere fact that the alleged slander and defamation arose, if ever, some two or three months after the sale does not remove the suit from the ambit of Code Ann. § 3-202. The trial court did not err in enjoining the state court action and consolidating the two suits in the superior court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED APRIL 8, 1975.

*McCurdy & Candler, George H. Carley, John Perry Cripe,* for appellant.
*T. M. Smith, Jr.,* for appellee.