## 52356. HOWARD CONCRETE PIPE COMPANY v. COHEN et al.

DEEN, Presiding Judge.

Bonnie Cohen, the operator, and her brother Harry Cohen, a passenger in their car, sued Howard Concrete Pipe Company in the Superior Court of Fulton County and one of its employees for injuries resulting from their collision with the defendant's parked truck. The defendants were residents of Fulton County where the suit was filed; the collision took place in Monroe County; the residence of the plaintiffs is not stated except for subsequent proof that in less than a month after the petition was filed Bonnie Cohen married and moved to Wisconsin. The corporate defendant answered, denied all allegations of negligence, and by counterclaim against Bonnie Cohen set out that the collision was solely and proximately caused by the negligence of that plaintiff, or at most the parties were joint tortfeasors; that it was nevertheless being sued by plaintiff's brother in the present action and by her parents, also passengers in her car, in another pending action, and that should a jury find against it in either of these proceedings it would be entitled to contribution from the plaintiff for a part or all of such amount. The trial court granted the plaintiff's motion to strike the counterclaim on the ground of lack of venue, and this court has granted an interlocutory appeal. *Held:*

1. "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim." Code § 81A-113 (a). The claim for contribution in the event of a judgment finding

plaintiff and defendant guilty of concurring negligence is a claim arising out of the occurrence which is the subject matter of the complaint, and as such is maintainable. Cf. *Maxwell Bros. of Athens, Inc. v. Deupree Co.,* 129 Ga. App. 254 (1) (199 SE2d 403).

2. Such a counterclaim is not "in the nature of an independent suit, which can be maintained only in the county of the residence of the alleged joint tortfeasor" as was the case in *Register v. Stone's Independent Oil,* 227 Ga. 123, 126 (179 SE2d 68) where the defendant filed a third-party complaint for contribution against one not a party to the action and a resident of another county. In reaching this conclusion the court relied on *Bishop v. Brown,* 138 Ga. 771 (76 SE 89), a case where it was carefully pointed out that there (as in *Register*) the nonresident was not a party to the original suit and had no interest therein. This is, of course, the distinction. The question is not in the first instance whether the entity attacked by counterclaim (or cross claim or third-party claim) is a resident or nonresident, but whether it is or is not already a party in a pending proceeding. This is made obvious by the fact that service of an answer, cross claim or counterclaim is made generally by the parties under Code § 81A-105 (b) and proved by certificate, whereas service on a third party is made by summons, etc. under Code § 81A-114 as must be done upon the original parties, and the return made as set out in Code § 81A-104 (g).

Code § 81A-113 allowing counterclaims arising out of the transaction on which the complaint is based may be compared to Code § 3-202 allowing equitable relief in the county where proceedings are pending (rather than county of residence) only as to matters *included in the litigation.* In *Bragg v. Gavin,* 234 Ga. 70 (214 SE2d 532) a nonresident plaintiff filed an action in the state court of the defendant's residence for breach of warranty; the defendant counterclaimed for slander and sought a transfer of the litigation to the superior court, and it was held that where the nonresident plaintiff had alleged fraud on the part of the defendant, this was germane to the alleged defamation, the case might be transferred to a court having jurisdiction of the counterclaim, and it might proceed against the nonresident plaintiff. "[W]here a

nonresident voluntarily institutes a suit in this State, he submits himself, for all purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pending. . ." *Harrison v. Lovett,* 198 Ga. 466 (1), 469 (31 SE2d 799). This is not a contravention of the constitutional venue requirements of Code Ann. § 2-4906. Nor was anything to the contrary held in *Buford v. Buford,* 231 Ga. 9 (200 SE2d 97). There the nonresident plaintiff filed an action for alimony and custody only. The defendant then sought a divorce, which is not a mere counterclaim, and which must be filed in the county of residence of the opposing spouse. Nor does *Pemberton v. Purifoy,* 128 Ga. App. 892 (198 SE2d 356) contradict what is here held; in fact in that case the counterclaim against the nonresident plaintiff was held proper, but what the resident defendant could not do was bring in two nonresident third parties on the theory that they were joint tortfeasors with the nonresident plaintiff.

3. The doctrine of family immunity extends only to the spouse and an unemancipated minor child. *Chastain v. Chastain,* 50 Ga. App. 241 (177 SE 828). The fact that the counterclaim for contribution involves the mother and father of this plaintiff, a brother, who is not shown to be an unemancipated minor, is therefore unrelated to the ruling in *Eschen v. Roney,* 127 Ga. App. 719 (194 SE2d 589).

It was error to grant the motion to dismiss the defendant's counterclaim against the nonresident plaintiff.

*Judgment reversed. Quillian and Webb, JJ., concur.*

ARGUED JULY 14, 1976 — DECIDED SEPTEMBER 8, 1976.

*Hansell, Post, Brandon & Dorsey, Hugh E. Wright, F. Carlton King, Jr., Philip S. Coe,* for appellant.

*Nall, Miller & Cadenhead, David G. Crockett, Long, Weinberg, Ansley & Wheeler, Charles E. Walker, Dan B. Wingate,* for appellees.