61449. HENDERSON et al. v. KENT et al.

DEEN, Presiding Judge.

Henderson Electric Co., Inc., brought suit in DeKalb County against two corporate officers, Kent and Dalton, for an unspecified "breach of fiduciary duty." Kent and Dalton then filed counterclaims alleging that they were officers and minority stockholders of Henderson Electric Co., Inc., and as such stockholders sought judgment for various specified acts of malfeasance against Henderson, his wife, his son, and another officer of the corporation, Machen, alleged to be majority stockholders and to have mishandled

the funds and individually profited by the appropriation of money and property of the plaintiff corporation. These individual defendants, comprising the Henderson family and vice president Machen, were all nonresidents of DeKalb County where the original action was pending. The motions to add parties were granted by the trial court, a petition for interlocutory review of that order was granted by this court, and the defendants in counterclaim appeal. *Held:*

1. Henderson Electric Co., Inc. as the named plaintiff in the original action, has submitted itself generally to the jurisdiction of DeKalb County and cannot complain of being named a defendant in any valid counterclaim on the ground of lack of venue. It did, by filing the DeKalb County action, submit itself for all purposes of that suit to the jurisdiction of the DeKalb County courts. *Harrison v. Lovett,* 198 Ga. 466 (1) 469 (31 SE2d 799) (1944); *Howard Concrete Pipe Co. v. Cohen,* 139 Ga. App. 491, 493 (229 SE2d 8) (1976).

2. Actions by minority stockholders, which the defendants allege themselves to be, against directors, officers and majority shareholders, must be brought under the provisions of Code § 22-714 and § 22-715. Defendants have moved under these sections to constitute the plaintiff Henderson Electric Company a defendant for the special purpose of being required to move to protect all minority stockholders against the individual defendants by counterclaim. If such an action were grafted on to the original suit it would have the result of placing Henderson Electric Company, plaintiff in the original complaint, as a third party plaintiff in a stockholders' derivative suit, the purpose of which is to procure certain relief *for the benefit of the corporation.* Code § 22-714 (a). It therefore does not appear that the affirmative pleading filed by the defendants is either a compulsory counterclaim arising out of the transaction which is the subject of the complaint (corporate action in tort for breach of a fiduciary duty by the defendants) under Code § 81A-113 (a), or that it is a permissive counterclaim (a claim *against* the plaintiff corporation not arising out of the occurrence which is the subject matter of the original suit) under Code § 81A-113 (b). In particular, the defendants' pleadings seek no relief against the corporation, and to that extent fail to constitute a valid counterclaim.

3. The remaining defendants named in the third party action are nonresidents of the county in which the action is pending and non-parties to the tort suit filed by the corporation. The Superior Court of DeKalb County accordingly has no jurisdiction over them and it was error to order them made third party defendants. *Pemberton v. Purifoy,* 128 Ga. App. 892 (2) (198 SE2d 356) (1973); *Register v. Stone's Independent Oil Dist.,* 227 Ga. 123, 125 (179 SE2d

68) (1971); Code § 81A-182.

It is contended that the venue requirements should not apply because the nonresident third parties are not parties defendant within the meaning of Code § 81A-114 and because this practice is limited to third parties "who are or may be liable to the defendants for all or part of the plaintiff's claim against them." The defendants are correct in this view, but the result is, as stated in *Southern Guaranty Ins. Co. v. Johnson,* 126 Ga. App. 134, 136 (190 SE2d 136) (1972) that where the claim, whether advanced by the original plaintiff or the original defendants, is essentially independent rather than ancillary to the main action, it must satisfy within itself the constitutional venue requirements.

Nothing in *Roberts v. McBrayer,* 194 Ga. 606 (22 SE2d 165) (1942) impinges on this conclusion. The defendant in *Roberts* vouched in three persons, two of whom were nonresidents. The action was held proper for the following reasons: the opinion dealt with two consolidated lawsuits, both involving the settlement of an estate. The persons vouched in the first action were (1) the purchaser of estate property; (2) the nonresident administrator of the estate, and (3) the mother-in-law of the plaintiff in that case. The reasons for the vouchment were: all three were necessary parties to the decision; the purchaser was a resident of the county of venue; the administrator, being the plaintiff in the companion case, had thus submitted himself to the jurisdiction, and the second action had been brought by the administrator for the benefit of the mother-in-law. Here, on the contrary, we have what amounts to two independent lawsuits without a common nexus.

The trial court erred in granting the appellees' motions to add parties.

*Judgment reversed. Banke and Carley, JJ., concur.*

Decided April 7, 1981 —

*John Walton Henderson, Jr., Quinton T. Hudson, Michael C. Fowler,* for appellants.

*Ross Arnold,* for appellees.