A89A1662. HUGHES v. HUGHES.
(387 SE2d 29)

BANKE, Presiding Judge.

This case originated as an action by the appellee for an equitable partitioning of certain real estate. The appellant filed a counterclaim alleging that the appellee was wrongfully withholding certain personal property belonging to him and seeking either the return of that property or damages for its alleged conversion. The real estate which was the subject of the appellee's partitioning claim was sold pursuant to a consent order, and the proceeds were distributed to the parties. Thereafter, the trial court dismissed the appellant's counterclaim for

lack of subject matter jurisdiction, concluding that, because the appellee had previously been directed by a Florida court to turn over the property in question to the appellant, and because that order (which had been entered in a contempt proceeding stemming from the parties' divorce) had not been domesticated in this state, the conversion claim constituted an impermissible attempt by the appellant to enforce an undomesticated foreign judgment. This appeal followed. *Held:*

The superior courts of this state clearly have subject matter jurisdiction to entertain conversion actions. See generally Art. VI, Sec. IV, Par. I, Ga. Const. of 1983. Assuming arguendo that the Florida contempt order could be directly enforced in this state pursuant to domestication proceedings instituted in accordance with OCGA § 9-12-130 et seq., it does not follow that the appellant was required to undertake such domestication proceedings as a condition precedent to bringing a conversion action in this state based on his alleged ownership of the property. Cf. *Dunlap v. Pope*, 177 Ga. App. 539 (339 SE2d 662) (1986) (holding that the state courts are not divested of jurisdiction "over trover or conversion actions in which the alleged trover or conversion results from the defendant's retention of property awarded to the plaintiff in a final divorce decree.").

The appellee's reliance on *Starling v. Starling*, 214 Ga. 786, 788 (1) (107 SE2d 651) (1959), for the proposition that the respondent in a partitioning proceeding cannot counterclaim to recover a personal judgment on a separate and independent matter is misplaced, inasmuch as that case was based on the law as it existed prior to the Civil Practice Act. Pursuant to Rule 18 of the CPA, OCGA § 9-11-18, "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." See generally *Continental Ins. Co. v. Mercer*, 130 Ga. App. 339 (1) (203 SE2d 297) (1973).

We reject the appellee's theory that her petition for an equitable partitioning was an *in rem* proceeding which did not subject her to the personal jurisdiction of the trial court. The appellee's original action was both styled and pursued as an action to obtain relief against the appellant personally, and she will not now be heard to complain that she is inconvenienced by having to defend against the appellant's counterclaim in his county of residence rather than in the state and county of her residence. See generally *Henderson v. Kent*, 158 Ga. App. 206 (1) (279 SE2d 503) (1981).

*Judgment reversed. Sognier and Pope, JJ., concur.*

74

*B. Daniel Dubberly III*, for appellant.
*Glen A. Cheney, Michael L. Chidester*, for appellee.