## A89A2305. FAULK v. LATHAM.
(391 SE2d 7)

BANKE, Presiding Judge.

The appellee, acting as administratrix of the estate of Gussie B. Harrison, filed a complaint for interpleader in the Superior Court of Toombs County in an effort to determine her responsibility regarding disbursement of certain funds contained in a money market account left by the deceased. The appellant answered and filed a counterclaim alleging he is entitled to the funds, based on a purported oral agreement by the deceased to make a will in favor of Roy Russell, of whom he (the appellant) is the sole legatee. The appellant also sought an accounting, based on allegations that the deceased, and later the appellee, had failed to maintain the funds in accordance with the terms of this alleged agreement.

Relying on *Adams v. Dixon*, 19 Ga. 513 (1855), and *Campbell v. Trust Co. of Ga.*, 197 Ga. 37, 46 (28 SE2d 471) (1943), the trial court dismissed the interpleader action on the ground that the appellee, as administratrix, held an interest in the property of the estate and accordingly was not a disinterested stakeholder. The correctness of this ruling is not at issue in this appeal. Rather, we granted an application for interlocutory appeal filed by the appellant to address his contention that the trial court erred in granting the appellee's subsequent motion to transfer the counterclaim to the county of her residence (Baldwin County), based on its determination that the interpleader action could not be maintained. *Held*:

Where a plaintiff sues in a county other than the county of his

residence, he "submits himself, to the extent of such suit, to the equity jurisdiction of the county wherein the suit is brought. But this waiver of jurisdiction extends only to matters included in the pending litigation, and ordinarily a person not a party to that action cannot take advantage of such waiver." *Chamblee Constr. Co. v. Pickett*, 227 Ga. 421, 422-423 (181 SE2d 32) (1971). Moreover, "the defendant generally has been allowed to assert only such affirmative relief against a nonresident plaintiff as is necessary for the defense of the main complaint." *Ledford v. Bowers*, 248 Ga. 804, 806 (2) (c) (286 SE2d 293) (1982).

The counterclaim brought by the appellant seeks a determination as to who is entitled to the deceased's assets, which is the very issue the appellee sought to have adjudicated in bringing the interpleader action. Accordingly, we hold that the trial court incorrectly determined that the interpleader action and the counterclaim were not "sufficiently related so as to result in the waiver of the constitutional provisions concerning venue." See *Bragg v. Gavin*, 234 Ga. 70 (214 SE2d 532) (1975).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 2, 1990 —
REHEARING DENIED FEBRUARY 14, 1990.

*Bouhan, Williams & Levy, M. Brice Ladson, Peter D. Muller*, for appellant.

*Dickens & Associates, G. L. Dickens, Jr.*, for appellee.