## A92A0820. GLOBAL FIBERS, INC. v. FOSTER.
(427 SE2d 3)

CARLEY, Presiding Judge.

A simplified statement of the relevant facts is as follows: Appellant-plaintiff is a Florida corporation. Appellee-defendant is a Georgia resident who was both an officer and employee of appellant. Certain funds which belonged to appellant were collected by appellee. Rather than transfer those funds to appellant, appellee caused them to be deposited into his own account at the Georgia State Bank of Rome (bank). When this was discovered, appellant filed a complaint, naming both the bank and appellee as defendants. According to appellant's complaint, appellee had converted the funds which were on deposit in appellee's account at the bank.

By consent order, the bank paid the funds into court and a hearing was scheduled "to determine the respective entitlement of the parties to the [f]und[s]. . . ." Thereafter, appellee filed a "counterclaim," alleging that he was owed unpaid compensation for his services to appellant. After conducting a hearing, the trial court found in favor of appellee on his counterclaim and further ordered that $69,193.68 of the funds be paid to appellee and the remainder be paid to appellant. It is from this order that appellant brings the instant appeal.

1. The trial court ruled that it had personal jurisdiction over appellant as to appellee's counterclaim for unpaid compensation. Appellant enumerates this ruling as error.

There is no contention that the trial court had personal jurisdic-

tion over appellant as to appellee's counterclaim pursuant to the Georgia Long Arm Statute. Appellant is a Florida corporation having no contacts with Georgia other than that Georgia is the site of the funds held by the bank. However, "[e]ven prior to enactment of the [Civil Practice Act], it was held that: 'One who goes into the court of a county other than that of his residence, to assert a claim or set up an equity, must be content to allow that court to determine any counterclaim growing out of the original suit which the defendant sees fit to set up by a cross-action. (Cits.)' [Cit.] '. . . [T]his principle "rests on the idea that the plaintiff, by voluntarily instituting his suit, gives the superior court of the county where it is so instituted jurisdiction of his person sufficient to answer all the ends of justice respecting the suit originally instituted, — such proceedings in equity being ancillary to or defensive of the pending suit." ' [Cit.] In practice, the defendant generally has been allowed to assert only such affirmative relief against a nonresident plaintiff as is necessary for the defense of the main complaint. [Cits.]" *Ledford v. Bowers*, 248 Ga. 804, 806 (2c) (286 SE2d 293) (1982).

"As a general rule, the courts of this State have no extraterritorial jurisdiction, and cannot make citizens of other States amenable to their process, or conclude them by a judgment in personam; but where a non-resident voluntarily institutes a suit in this State, he submits himself, for all purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pending ([cits.]). . . ." *Harrison v. Lovett*, 198 Ga. 466, 469-470 (1) (31 SE2d 799) (1944). Appellant brought suit in Georgia, alleging that appellee had converted its funds. Appellee counterclaimed, alleging that a portion of those funds were owed to him as unpaid compensation for services rendered to appellant. Under these circumstances, the trial court correctly determined that appellant had submitted to personal jurisdiction with regard to appellee's counterclaim, by filing suit against appellee in Georgia. See *Bragg v. Gavin*, 234 Ga. 70 (214 SE2d 532) (1975).

2. Appellant urges that the trial court erred in allowing appellee's contract claim for unpaid compensation against appellant's tort claim for conversion.

" ' "Generally a cause of action ex delicto cannot be set off against an action ex contractu, and vice versa. (Cits.) The only exception to this rule is where equitable principles such as insolvency or nonresidence of the plaintiff are involved. (Cits.)" ' " *Thomas v. Shapiro*, 189 Ga. App. 268, 269 (2) (375 SE2d 282) (1988). See also *Hecht v. Snook & Austin Furniture Co.*, 114 Ga. 921, 924 (41 SE 74) (1902). It appears that appellant is not only a nonresident, but is also insolvent. Accordingly, there was no error. See *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 87 (1) (114 SE2d 529) (1960).

3. Appellant's remaining enumerations of error have been consid-

ered and found to be without merit.
*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED NOVEMBER 3, 1992 —
RECONSIDERATION DENIED DECEMBER 18, 1992 —

*Shaw, Maddox, Graham, Monk & Boling, Virginia R. Harman,* for appellant.
*Robert K. Finnell,* for appellee.