[No. C045847. Third Dist. July 7, 2004.]

K.R.L. PARTNERSHIP et al., Petitioners, v.
THE SUPERIOR COURT OF ALPINE COUNTY, Respondent;
TIMOTHY W. PEMBERTON, Real Party in Interest.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part IV.

### COUNSEL

Rein Evans & Sestanovich, Steven E. Moyer, Elizabeth D. Le and James M. Gilbert for Petitioners.

No appearance for Respondent.

Boyd & Kimball and Betsy S. Kimball for Real Party In Interest.

### OPINION

**ROBIE, J.**—The question in this mandamus proceeding is one of first impression in California: whether a plaintiff/cross-defendant against whom a compulsory cross-complaint has been filed can seek a change of venue under section 396b of the Code of Civil Procedure[1] based on a claim of improper venue as determined by reference to the cross-complaint. We conclude the answer to that question is "no." Accordingly, we will deny the petition for a writ of mandate.

### FACTUAL AND PROCEDURAL BACKGROUND

Viewed in the light most favorable to the trial court's order, the following facts appear:[2]

Real party in interest Timothy Pemberton is an attorney who lives and maintains his office in Alpine County. Petitioner K.R.L. Partnership is a partnership with its principal place of business in Amador County. Petitioner Roland Womack is one of the partners in K.R.L. and a resident of Amador County.[3]

Sometime in 1999, Roland and K.R.L. decided to retain Pemberton to perform legal services for them in connection with certain civil rights violations allegedly committed against them by the County of Amador and others. Pemberton prepared a written retainer agreement for Roland and

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Where, as here, "[t]he motion for change of venue was made and determined upon the allegations of [a] verified [cross-]complaint and the affidavits of the respective parties," " 'all conflicts must be resolved in favor of the prevailing party; . . . and all reasonable inferences which are to be drawn must be in support of the trial court's order.' " (*Hale v. Bohannon* (1952) 38 Cal.2d 458, 465–466 [241 P.2d 4], quoting *C. H. Parker Co., Inc. v. Exeter Refining Co.* (1938) 26 Cal.App.2d 610, 611 [79 P.2d 1114].)

[3] Because of the numerous Womacks involved in this case, when necessary we will refer to them by their first names to distinguish between them.

K.R.L. in Alpine County and sent it unsigned to Roland for his signature. Roland signed the agreement and returned it to Pemberton's office in Alpine County, where Pemberton signed it, apparently sometime around September 30, 1999.[4]

According to Roland and K.R.L., in December 1999, Pemberton filed a federal civil rights action on their behalf and on the behalf of several other plaintiffs[5] against the County of Amador and others.

According to Pemberton, in September 2001, Roland and K.R.L. defaulted under the terms of the retainer agreement by failing to make full, prompt, and unconditional payments to him of the amounts due under the agreement.

In October 2001, the defendants in the federal action moved for summary judgment. Ultimately, the federal court granted summary judgment in favor of the County of Amador. In March 2002, the federal court also granted Pemberton's motion to withdraw as plaintiffs' counsel.

In March 2003, all of the plaintiffs in the federal court action, plus another individual (June Womack), filed a state court action in Sacramento County alleging legal malpractice and breach of fiduciary duty against Pemberton. They claimed the County of Amador's success in obtaining summary judgment was the result of Pemberton's negligence. They also claimed Pemberton was negligent in failing to name June Womack as a plaintiff in the federal court action, and they claimed Pemberton had failed to return all of their legal files to them despite numerous requests.

Before answering the malpractice complaint, Pemberton moved to transfer the case to Alpine County, because that is where he resides. The court granted his motion and in August 2003, transferred the case to Alpine County.

The following month, Pemberton answered the complaint and filed a cross-complaint against Roland and K.R.L. for breach of contract and various

---

[4] Roland and K.R.L. complain that Pemberton "failed to produce the alleged signed retainer agreement as proof of its existence . . . . As such, [Pemberton's] declaration in support of his opposition to [the] motion for transfer of venue that the written contract was executed in Alpine County is hearsay and in violation of the Best Evidence Rule." Roland and K.R.L. asserted these same objections in the trial court, although technically they objected to the portion of Pemberton's memorandum of points and authorities referencing his declaration, rather than to the declaration itself. In any event, Roland and K.R.L. failed to obtain rulings from the trial court on these objections. Accordingly, the objections were not preserved for appellate review, and we must deem Pemberton's testimony regarding the written retainer agreement admissible. (See *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 670, fn. 1 [25 Cal.Rptr.2d 137, 863 P.2d 207]; *Laird v. Capital Cities/ABC, Inc.* (1998) 68 Cal.App.4th 727, 736 [80 Cal.Rptr.2d 454].)

[5] According to Roland and K.R.L., the other plaintiffs in the federal court action were Larry Womack, Nadine Womack, Luke Womack, Renee Womack, and Kimberly Moore.

common counts for the amounts he claimed they owed him under the retainer agreement. According to Pemberton, as of the end of 2001, Roland and K.R.L. owed him over $58,000.

In response to the cross-complaint, Roland and K.R.L. moved to transfer the case to Amador County. They claimed that, based on the cross-complaint, venue was proper only in Amador County because the contract was entered into there, the majority of the obligations under the contract were performed there, and they reside there. In support of their motion, they submitted a declaration by Roland claiming the agreement with Pemberton for legal services had been entered into at a meeting with him in Amador County around November 1999.

In opposition to their motion, Pemberton asserted that because his cross-complaint was compulsory, proper venue was to be determined based on Roland and K.R.L.'s complaint against him, not his cross-complaint against them, and therefore venue was proper in Alpine County. He also contended that in any event, venue was proper in Alpine County because the contract was entered into there rather than in Amador County. Pemberton requested an award of attorney fees as sanctions under subdivision (b) of section 396b because the motion to transfer venue to Amador County was "without legal merit."

The trial court denied the motion to transfer the case to Amador County and ordered sanctions of $1,050.

On Roland and K.R.L.'s petition,[6] we issued an alternative writ of mandate and stayed further proceedings in the trial court.

## DISCUSSION

### I

#### *Venue in General*

■ The term "venue" denotes the particular county within the state where a case is to be heard. (See *Milliken v. Gray* (1969) 276 Cal.App.2d 595, 600 [81 Cal.Rptr. 525]; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 701, p. 892.) Which county constitutes the *proper* venue in a particular case is determined according to the venue statutes—section 392 et seq. In applying

---

[6] An order granting or denying a motion to transfer venue is reviewable only by petition for writ of mandate. (§ 400; *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 41–42 [24 Cal.Rptr.2d 337].)

these statutes to determine the county (or counties) where venue is proper, the courts generally look to the main relief sought, as determined from the complaint as it stands at the time of the motion for change of venue. (See *Massae v. Superior Court* (1981) 118 Cal.App.3d 527, 530 [173 Cal.Rptr. 527].) Generally (but with numerous exceptions), when the main relief sought in a case does not relate to rights in real property, "the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action." (§ 395, subd. (a).) When a case is founded on a contractual obligation, venue is also proper "where the contract was in fact entered into." (*Ibid.*)

■ If a case is filed in a county that is not the proper venue under section 395, the defendant may move to transfer the case to a proper venue. Subdivision (a) of section 396b provides: "Except as otherwise provided in Section 396a, if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files with the clerk, a notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of those papers. Upon the hearing of the motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court."

This case was initially filed in Sacramento County. As authorized by section 396b, however, without answering, demurring, or moving to strike, Pemberton filed a motion to transfer the case to Alpine County because that is where he resides. Although Roland and K.R.L. opposed Pemberton's motion, the trial court granted the motion and transferred the case to Alpine County. Because Roland and K.R.L. did not seek appellate review of the order transferring the case, we presume the correctness of that order and deem that venue was properly established in Alpine County in August 2003.

The issue this case presents is whether, once proper venue was established in Alpine County based on Roland and K.R.L.'s complaint against Pemberton for legal malpractice and breach of fiduciary duty, the trial court was nonetheless required to transfer the case to Amador County based on the cross-complaint for breach of contract Pemberton filed against Roland and K.R.L. To resolve that issue, we must first determine whether a cross-defendant is entitled to seek a change of venue under section 396b based on the cross-complaint.

■ For the reasons explained below, we conclude that once proper venue has been established based on the complaint, a cross-defendant is not entitled to seek a change of venue under section 396b based on a compulsory cross-complaint. When a plaintiff commences a case, and proper venue of that case has been established in a particular county, the plaintiff may not thereafter object to that county as an improper venue for any compulsory cross-complaint the defendant must assert against the plaintiff in that case. Thus, the trial court here did not err when it denied Roland and K.R.L.'s motion to transfer this case to Amador County based on Pemberton's compulsory cross-complaint.

## II

### *Compulsory Versus Permissive Cross-complaints*

Initially, it is important to distinguish between compulsory cross-complaints and permissive cross-complaints and explain why Pemberton's cross-complaint was compulsory rather than permissive.

■ Subdivision (a) of section 428.10 provides that "[a] party against whom a cause of action has been asserted in a complaint or cross-complaint may file a cross-complaint setting forth . . . [¶] (a) [a]ny cause of action he has against any of the parties who filed the complaint or cross-complaint against him." Although this statute is permissive in its terms, in some circumstances a party *must* assert a cause of action in a cross-complaint or lose the right to assert that cause of action altogether. To that end, subdivision (a) of section 426.30 provides: "Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." For purposes of determining whether a cause of action must be alleged in a cross-complaint, a "related cause of action" is "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." (§ 426.10, subd. (c).)

■ Pemberton contends his cause of action against Roland and K.R.L. for unpaid legal fees is a "related cause of action" to the causes of action for legal malpractice and breach of fiduciary duty they have asserted against him, and therefore his cross-complaint was compulsory. We agree. The causes of action for legal malpractice and breach of fiduciary duty asserted against Pemberton arose out of the attorney-client relationship that existed between the parties because of the retainer agreement they entered into. The

causes of action Pemberton asserted against Roland and K.R.L. for unpaid legal fees arose out of that same retainer agreement. Essentially, Roland and K.R.L. claim Pemberton failed to represent them competently in the matter for which they retained his legal services, and Pemberton claims they failed to pay him for some of those services. Under these circumstances, all of the causes of action at issue here arose "out of the same transaction, occurrence, or series of transactions or occurrences" within the meaning of the compulsory cross-complaint statutes. At the time he served his answer to the legal malpractice complaint in September 2003, Pemberton had to cross-complain against Roland and K.R.L. for the unpaid legal fees or forfeit his right to seek those fees. Thus, his cross-complaint was compulsory.

## III

### *Change of Venue Under Section 396b Based on a Compulsory Cross-complaint*

With the understanding that Pemberton's cross-complaint was compulsory rather than permissive, we turn to whether a cross-defendant is entitled to seek a change of venue under section 396b based on a compulsory cross-complaint. As we have noted, subdivision (a) of section 396b provides that if an "action or proceeding" is commenced in an improper venue, then "*the defendant . . .* within the time otherwise allowed to respond to the *complaint*" may move to transfer the "action or proceeding" to the proper court. (Italics added.) If, upon such a motion, it appears the "action or proceeding was not commenced in the proper court," then the court "shall . . . order the action or proceeding transferred to the proper court." (§ 396b, subd. (a).) The question presented here is whether, under section 396b, a *cross-defendant* is entitled to have a case transferred based on improper venue as determined by reference to a compulsory *cross-complaint.*

In answering that question, "[w]e assign the statutory language its plain and commonsense meaning, attempting to effectuate the Legislature's intent. [Citation.] If the statutory language is not ambiguous, we presume the Legislature meant what it said, and we apply the plain meaning of the statute without resort to extrinsic sources." (*In re Marquez* (2003) 30 Cal.4th 14, 19–20 [131 Cal.Rptr.2d 911, 65 P.3d 403].) "If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such situations, we strive to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statutes' general purposes." (*People v. Walker* (2002) 29 Cal.4th 577, 581 [128 Cal.Rptr.2d 75, 59 P.3d 150].)

■ Section 396b does not expressly state that a *cross-defendant* may move to have a case transferred based on improper venue as determined by reference to the *cross-complaint*. Nevertheless, Roland and K.R.L. contend "[s]ection 396b has been construed to apply to cross-complaints." They cite three cases in support of that contention—*Bank of America v. Carr* (1956) 138 Cal.App.2d 727 [292 P.2d 587], *Eveleth v. American Brass & Iron Foundry* (1962) 203 Cal.App.2d 41 [21 Cal.Rptr. 95], and *Ohio Casualty Ins. Group v. Superior Court* (1994) 30 Cal.App.4th 444 [35 Cal.Rptr.2d 771]— however, none of those cases actually involved section 396b. Confronted with that fact, in their reply Roland and K.R.L. retreat from their previous assertion and argue only that the three cases "support the proposition that Section 396b applies to cross-complaints." For the reasons that follow, we disagree.

The earliest case upon which Roland and K.R.L. rely—*Bank of America v. Carr*—did not actually involve a venue issue at all. Instead, it involved the requirement that "[a] cross-complaint asking affirmative relief must be served on the parties affected thereby, and if one has not appeared in the action summons must be issued and served as upon the commencement of the original action." (*Bank of America v. Carr, supra,* 138 Cal.App.2d at p. 738.) Thus, *Bank of America* carries little (if any) weight in determining whether the Legislature intended section 396b to allow a cross-defendant to move for transfer of a case based on improper venue as determined by reference to the cross-complaint.

The second case on which Roland and K.R.L. rely—*Eveleth v. American Brass & Iron Foundry*—is hardly more persuasive. In *Eveleth,* one individual (Bernson) sued another (Eveleth) in municipal court. (*Eveleth v. American Brass & Iron Foundry, supra,* 203 Cal.App.2d at p. 42.) Eveleth then filed a cross-complaint against Bernson and a company (American Brass), which was in excess of the jurisdictional limit of the municipal court. (*Id.* at pp. 42–43.) "Summons was issued by the municipal court and served on American Brass, which made no appearance, . . . and default was entered by the clerk of the municipal court on April 24, 1961. [¶] On May 18th an order was made by the municipal court transferring th[e] action to the superior court because of the excess in the jurisdictional amount." (*Id.* at p. 43.) Another default was entered in the superior court, and American Brass subsequently appealed from the order denying its motion to set aside the default. (*Ibid.*)

On appeal, one of the questions was whether American Brass's time to appear had already expired when the case was transferred to superior court. (*Eveleth v. American Brass & Iron Foundry, supra,* 203 Cal.App.2d at p. 45.)

Citing section 396,[7] the court noted "that where summons has been served but no appearance has been made, the time to answer or otherwise plead shall date from the service upon the defendant (which, in this case, is a cross-defendant) of a written notice of the filing of such action or proceeding in the court to which it is transferred." (*Eveleth*, at p. 46.) With no analysis, and no authority other than the *Bank of America* case, the court concluded: "While section 396 of the Code of Civil Procedure refers to the parties as plaintiff and defendant, it is obvious that the section applies also to cross-complainants and cross-defendants." (*Id.*, at pp. 46–47.)

Lacking any analysis whatsoever, *Bank of America* and *Eveleth* provide, at best, shaky ground on which to build the argument that section 396b applies to a cross-defendant who premises a claim of improper venue on a compulsory cross-complaint. That leaves us with the third case on which Roland and K.R.L. rely—*Ohio Casualty Ins. Group v. Superior Court*. In *Ohio Casualty Ins. Group*, a construction company sued a school district in the county where the district was located for balances due on a construction project, and the school district filed a cross-complaint for breach of contract against the construction company *and* its insurer, seeking damages from the insurer based on the insurer's performance bonds. (*Ohio Casualty Ins. Group v. Superior Court, supra*, 30 Cal.App.4th at p. 446.) The insurer moved for a change of venue to a neutral county pursuant to section 394,[8] but the trial court denied the motion because the school district was a cross-complainant, not a plaintiff. (*Ohio Casualty*, at pp. 446, 448.)

On writ review, this court concluded the term "plaintiff" in section 394 includes a cross-complainant like the school district. (*Ohio Casualty Ins.*

---

[7] In pertinent part, subdivision (a) of section 396 provides: "If an action or proceeding is commenced in a court that lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state that has subject matter jurisdiction, the action or proceeding shall not be dismissed . . . but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter that may be agreed upon by the parties, or, if they do not agree, to a court having subject matter jurisdiction that is designated by law as a proper court for the trial or determination thereof, and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved. In that case, if summons is served prior to the filing of the action or proceeding in the court to which it is transferred, as to any defendant, so served, who has not appeared in the action or proceeding, the time to answer or otherwise plead shall date from service upon that defendant of written notice of filing of the action or proceeding in the court to which it is transferred."

[8] In pertinent part, section 394 provides: Whenever "an action or proceeding [is] brought by a county, city and county, city, or local agency within a certain county, or city and county, against a resident of another county, city and county, or city, or a corporation doing business in the latter, [the action or proceeding must] be, on motion of either party, transferred for trial to a county, or city and county, other than the plaintiff, if the plaintiff is a county, or city and county, and other than that in which the plaintiff is situated, if the plaintiff is a city, or a local agency, and other than that in which the defendant resides, or is doing business, or is situated."

*Group v. Superior Court, supra,* 30 Cal.App.4th at p. 448.) The court first noted that the term "plaintiff" is commonly understood to mean the complaining party in any litigation and that "[a] cross-complaint is generally considered to be a separate action from that initiated by the complaint." (*Ibid.*) After noting *Eveleth* and *Bank of America,* the court then observed that "the intent underlying section 394 indicates that the parties to a cross-action, like the parties to an original action, should be able to move for change of venue" because " '[t]he purpose of section 394 is to guard against local prejudices which sometimes exist in favor of litigants within a county as against those from without and to secure to both parties to a suit a trial upon neutral grounds.' " (*Id.* at p. 449.) As the court explained: "Since 'local prejudices . . . in favor of litigants within a county as against those from without' may work as vigorously against cross-defendants as against defendants, the remedial purpose of section 394 appears to be best served by a liberal construction which would extend the statute's protection to cross-defendants."[9] (30 Cal.App.4th at p. 449.)

We are not persuaded that the construction of section 394 in *Ohio Casualty Ins. Group* justifies a similar construction of section 396b here. It is critical to note that unlike this case, *Ohio Casualty Ins. Group* did not involve a compulsory cross-complaint. Instead, what was involved there was a *permissive* cross-complaint against a third party defendant—the construction company's insurer.

■ This distinction is important because, having been sued by the construction company, the school district could have filed an entirely separate complaint against the insurer in an entirely separate action. Had the school district done so, the insurer's right to invoke section 394 to move that action to a neutral county could not have been questioned. Instead, however, the school district chose to make its claims against the insurer by way of a permissive cross-complaint, then argued the insurer was not entitled to move the action to a neutral county. By extending the protection of section 394 to the insurer as a cross-defendant, this court merely ensured that public entities like the school district cannot deprive nonresident, third party defendants like the insurer of their right to a neutral venue under section 394 by choosing to file a permissive cross-complaint rather than a complaint.

■ No similar reasoning compels us to extend the protection of section 396b to a cross-defendant against whom a compulsory cross-complaint has been filed. Once he was sued by Roland and K.R.L. for malpractice,

---

[9] The court also observed that "contrary to the District's view, the entire lawsuit will not necessarily be transferred in every case where a cross-defendant's section 394 motion is granted: if the case involves both a resident and a nonresident cross-defendant, the trial court may order a severance and a separate transfer solely for the nonresident cross-defendant." (*Ohio Casualty Ins. Group v. Superior Court, supra,* 30 Cal.App.4th at p. 452.)

Pemberton did not have a choice between bringing his claim against them for unpaid legal fees as a cross-complaint in their malpractice action or bringing it as a separate complaint in a separate action; he had to bring it as a cross-complaint in their malpractice action or forfeit the right to bring it at all. Thus, unlike the school district in *Ohio Casualty Ins. Group*, Pemberton had no opportunity to attempt to manipulate the venue in his claim against Roland and K.R.L. Instead, he was forced by section 426.30 to file his claim in the county where the complaint against him was properly venued—Alpine County.

Having determined that this court's construction of section 394 in a case involving a permissive cross-complaint is not persuasive of how section 396b should be construed in a case involving a compulsory cross-complaint, we are nonetheless still faced with the question of whether the Legislature intended to allow a cross-defendant to move for transfer of a case under section 396b based on improper venue as determined by reference to a compulsory cross-complaint. For the reasons that follow, we conclude the answer to that question is "no."

We acknowledge that "a complaint and a cross-complaint are, *for most purposes*, treated as independent actions." (*McLellan v. McLellan* (1972) 23 Cal.App.3d 343, 353 [100 Cal.Rptr. 258], italics added.) This means that, generally, "Where a cross-complaint is filed there are two simultaneous actions pending between the parties wherein each is at the same time both a plaintiff and a defendant." (*Douglas v. Superior Court* (1949) 94 Cal.App.2d 395, 398 [210 P.2d 853].) Based on these general principles, it can be argued that because Roland and K.R.L. are simultaneously plaintiffs in their action against Pemberton and defendants in his cross-action against them, they should be entitled as defendants in the cross-action to invoke section 396b and seek a change of venue to Amador County based on Pemberton's cross-complaint.

However, to the extent Roland and K.R.L. claim the title of "defendant" in this case, they must also acknowledge that Pemberton wears that title as well. It is well established in California law that "[a] defendant is not entitled to have an action removed to the county of his residence unless it appears that none of the other defendants are residents of the county where the action is brought." (*Independent Iron Wks. v. Amer. Pres. Lines* (1950) 35 Cal.2d 858, 860 [221 P.2d 939].) Here, when Roland and K.R.L. moved, as "defendants," to change venue from Alpine County to Amador County, there was another defendant in the case whose residence was Alpine County— Pemberton. Under the foregoing rule, Roland and K.R.L. were not entitled to

have the case removed to Amador County because Pemberton was a resident of the county in which the case was then venued.[10]

Our conclusion is consistent with the Supreme Court's decision in *Monogram Co. v. Kingsley* (1951) 38 Cal.2d 28 [237 P.2d 265]. There, the plaintiffs brought an action for libel, slander, and unfair competition in Alameda County, where one of several defendants (Lewis) resided. (*Id.* at p. 29.) Without objection from Lewis, all of the other defendants moved for a change of venue to Los Angeles County, where they resided. (*Ibid.*)

On appellate review of the trial court's denial of the motion, the Supreme Court noted the rule that " '[a] defendant is not entitled to have an action removed to the county of his residence unless it appears that none of the other defendants are residents of the county where the action is brought.' " (*Monogram Co. v. Kingsley, supra*, 38 Cal.2d at pp. 29–30.) The defendants argued "the present case is distinguishable in that it concerns not a single cause of action against a number of defendants one of whom is a resident of the county wherein suit was commenced, but rather a number of causes of action, in some of which resident and nonresident defendants are joined but in others only the nonresidents are named, so that the latter are entitled to a change of venue where not opposed by the resident defendant." (*Id.* at p. 30.) In rejecting that distinction, the Supreme Court wrote: "By reason of the liberal statutory joinder rules, a number of causes of action may properly be joined in the same complaint [citation], and it is not necessary that each defendant be included in every cause of action. [Citation.] As so noted, these joinder provisions must be correlated with the venue provisions—the former prescribing what causes and parties a single action may include and the latter prescribing where such action as an entirety may be tried. No objection is raised here with regard to Lewis as a properly named defendant in 12 of the 20 transitory causes of action joined in the present complaint. Accordingly, the action as an entire cause was properly retained in the county of his residence. [Citations.] Such conclusion complies with the statutory design for determination of the proper place of trial . . . ." (*Id.* at pp. 31–32.)

■ Under *Monogram*, where a plaintiff takes advantage of the liberal statutory joinder rules and joins various causes of action against various defendants, so long as the plaintiff chooses a venue that is proper as to one defendant, the entire case may be tried there, regardless of whether venue would be improper with respect to other defendants if the causes of action against them were analyzed separately.

■ We see no reason why similar reasoning should not apply where a case consists not of various causes of action against various defendants, but

---

[10] In contrast, when Pemberton moved originally to change venue from Sacramento County to Alpine County, he was the *only* defendant in the case, and therefore was not burdened by the rule that burdens Roland and K.R.L.

of an action and a compulsory cross-action. As long as venue is proper as to one or more defendants in the original action, then the entire case may be tried in that county, regardless of whether venue would be improper with respect to the cross-defendants if the compulsory cross-complaint against them were analyzed separately.

Our conclusion is further supported by the rule that the right to have a case tried in the proper venue, though "ancient and valuable" (*Kaluzok v. Brisson* (1946) 27 Cal.2d 760, 763 [167 P.2d 481]), may be waived (*Henry v. Willett* (1922) 60 Cal.App. 244, 249 [212 P. 698]). Courts in other jurisdictions have relied on waiver in concluding that a cross-complaint can be tried in a court where venue is proper based on the original complaint. For example, in *General Electric Co. v. Marvel Rare Metals Co.* (1932) 287 U.S. 430 [77 L.Ed. 408, 53 S.Ct. 202], after noting that a defendant may waive the privilege conferred by a venue provision, the United States Supreme Court wrote: "The setting up of a counterclaim against one already in a court of his own choosing is very different, in respect to venue, from hailing him into that court." (*Id.* at p. 435.) The court then concluded that a plaintiff "who sues in a federal court of equity to enjoin the infringement of his patent, thereby submits himself to the jurisdiction of the court with respect to all the issues of the case, including those pertaining to a counterclaim praying that he be restrained from infringing a patent of the defendant." (*Ibid.*)

Similarly, in *Hansbarger v. Cook* (1986) 177 W.Va. 152 [351 S.E.2d 65], the Supreme Court of Appeals of West Virginia observed: "The general rule is that by bringing suit in a particular county or district, the plaintiff submits himself to the jurisdiction of that court for all purposes of that suit, including any counterclaim which the defendant may be required to bring . . . . [Citations.] Thus, it has often been held that when a plaintiff brings suit in a particular county or district, he may not thereafter object to the venue of any counterclaim arising out of such suit which is brought in that county or district, even though venue would be improper if the counterclaim had been brought as an independent action." (*Id.* at p. 158.)

More recently, the Georgia Court of Appeals noted: "Regarding counterclaims, Georgia law has long held that a party that files suit in a Georgia court submits himself to that court's jurisdiction and venue relating to all matters directly connected with the case that he had originated. [Citation.] 'One who goes into the court of a county other than that of his residence, to assert a claim or set up an equity, must be content to allow that court to determine any counter–claim growing out of the original suit which the defendant sees fit to set up by a cross-action. . . .' " (*Kennestone Hosp. v. Hopson* (2003) 264 Ga.App. 123, 124 [589 S.E.2d 696].)

We see no reason why the same rule should not apply in California. Indeed, this is the general rule in the United States. "In the absence of a statute specifically dealing with the venue of a cross-action against a code-fendant or a third-party defendant, most jurisdictions, with only a few exceptions, follow the rule that the venue of the cross-action may properly be laid in the same county as that of the main suit, where the subject matter of the cross-action is the same as that of the main action between the plaintiff and the defendant, and where the cross-action is properly joined with the main action under the applicable rules of joinder. This rule is based on the theory that the third-party complaint falls under the ancillary jurisdiction of the court and comports with the purpose underlying third-party practice, which is to reduce court congestion and to provide a more prompt, efficient, and economical method for disposing of litigation." (77 Am.Jur.2d (1997) Venue, § 17, p. 622, fns. omitted.)

In summary, we conclude that a cross-defendant is not entitled to seek a change of venue under section 396b based on a compulsory cross-complaint. Rather, the cross-complaint is to be tried in the same county that has been established as the proper venue based on the original complaint.

## IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The stay is lifted, the alternative writ is discharged, and the petition for writ of mandate is denied. Real party in interest Timothy Pemberton shall be entitled to recover his costs in this proceeding. (Cal. Rules of Court, rule 56.4(a).)

Davis, Acting P. J., and Hull, J., concurred.

On July 13, 2004, the nonpublished portion of this opinion was modified.

---

*See footnote, *ante*, page 490.